IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLEVELAND LOFTON,** | : | CIVIL NO. 3:14-CV-1075 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **COMMONWEALTH COURT OF PENNSYLVANIA JUDGES PER CURIAM, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, PA STATE ATTORNEY GENERAL,** | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Cleveland Lofton ("Lofton"), a state inmate presently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 3, 2014, asserting that he is being unlawfully detained by the Pennsylvania Department of Corrections. The matter is presently ripe for disposition and, for the reasons set forth below, the petition will be denied.

I.  **Background**

On October 24, 2002, Lofton was sentenced in the Court of Common Pleas of Philadelphia County, Pennsylvania, to a minimum term of incarceration of 3 years 6 months to a maximum term of 8 years. (Doc. 13-1, p. 2.) His minimum was to expire on January 19, 2006, and his controlling maximum date was calculated as July 19, 2010. (Id.) On December 6, 2005, the Pennsylvania Board of Probation and Parole ("PBPP") granted him

conditional parole to an approved home plan on or after January 19, 2006. (Id. at 6). He was released on parole on February 1, 2006. (Id.)

On March 10, 2007, a felony criminal complaint was filed against Lofton charging him with Aggravated Assault, Possessing an Instrument of Crime, Simple Assault, Recklessly Endangering Another Person, Fleeing a Police Officer, and Endangering the Welfare of a Child. (Id. at 8-10). On September 3, 2013, he pled guilty to three counts of Endangering the Welfare of a Child and one count of Simple Assault and was sentenced to 5 years of probation. (Id. at 35).

On November 15, 2013, the PBPP recommitted him as a convicted parole violator to serve the unexpired term of his sentence of 1 year, 1 month, 9 days. (Id. at 38). His maximum was recalculated to October 31, 2014.[1] (Id. at 40). The manner in which the new maximum date was recalculated is summarized by respondents as follows:

> When Lofton was released on parole on February 1, 2006, his parole violation maximum sentence date was July 19, 2010, which left 1629 days remaining on his sentence; the Prisons and Parole Code provides that a parolee shall be given no credit for time at liberty on parole after they have been convicted of a crime punishable by imprisonment while on parole, 61 Pa.C.S. § 6138(2). As Lofton was convicted of a crime while on parole, the Board was required to recalculate his maximum sentence date after making the decision to recommit him as a parole violator. However, Lofton was provided with 1227 days of back time credit for the time he served solely on the Board's warrant from March 10, 2007 to July 19, 2010; subtracting 1227 days from 1629 days yields 402 days of back time owed on his original sentence. Lofton became available to begin serving the remainder of his sentence on September 24, 2013, the date he was returned to the custody of

---

[1] According to the Pennsylvania Department of Corrections Inmate Locator System, Lofton remains in custody. See http://inmatelocator.cor.state.pa.us/inmatelocatorweb/

> the Department of Corrections. Adding 402 days to September 24, 2013 yields a new parole violation maximum October 31, 2014.

(Doc. 14, p. 3). On December 9, 2013, he sought administrative review of the PBPP's November decision. (Doc. 1, p. 13; Doc. 13-1, p. 42). The decision was affirmed on June 18, 2014. (Doc. 13-1, p. 44). He also filed a petition for writ of mandamus in the Pennsylvania Commonwealth Court's original jurisdiction in May of 2014. (Doc. 1, p. 20). The instant petition was filed on June 3, 2014. (Doc. 1).

**II.   Discussion**

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). A petitioner shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). This requirement is applicable to alleged unconstitutional acts of the parole board. See DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005).

In order to exhaust claims regarding determinations relating to parole revocation decisions in Pennsylvania, a prisoner must seek administrative review of claims by filing a petition for administrative review with the PBPP within thirty days of the mailing date of the PBPP's determination. 37 Pa.Code § 73.1; 42 Pa.C.S. § 7639a. After an administrative appeal to the PBPP, a petitioner must present his claims to the Pennsylvania Commonwealth Court. See 42 Pa.C.S.A. § 763(a); Bronson v. Pennsylvania Board of Probabtion and Parole,

3

491 Pa. 549, 491 Pa. 549, 421 A.2d 1021 (1980). If dissatisfied with the result, petitioner must then file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. See 42 Pa.C.S.A. § 724; McMahon v. Pennsylvania Board of Probation and Parole, 504 Pa. 240, 470 A.2d 1337 (1983).

Although Lofton timely pursued administrative review of the PBPP's decision, he failed to properly present his claims to the Pennsylvania Commonwealth Court. The writ of mandamus filed in May 2014 was premature as he had not yet completed the administrative process. And, upon completion of administrative review, he failed to present his claims, in any manner, to the Pennsylvania Commonwealth Court. As such, he has not exhausted his state court remedies and the time to do so has expired. His failure to timely present his claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of his claims. Barnhart v. Kyler, 318 F. Supp.2d 250 (M.D.Pa. 2004). The merits of his procedurally defaulted claims cannot be reviewed unless he demonstrates cause for either the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Caswell v. Ryan, 953 F.2d 853, 861–62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable

or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). Lofton has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 2002). Nor is there any indication that a failure to review his claim will result in a fundamental miscarriage of justice.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

5

## IV. Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

/s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 20, 2014